UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 05-10263-GAO |
| v. | |
| P.A. LANDERS, INC. <br> PRESTON A. LANDERS, <br> AKA "SKIP," AND <br> GREGORY KEELAN. | Violations: <br>    18 U.S.C. § 371 <br>    18 U.S.C. § 1341 <br>    18 U.S.C. § 1020 and <br>    18 U.S.C. § 2 |

## SUPPLEMENTAL REQUEST OF THE DEFENDANTS
## FOR INSTRUCTIONS TO THE JURY

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the defendants hereby respectfully request that the Court include, in addition, to the general instructions it gives in criminal cases, the following instructions in its charge to the jury. The defendants respectfully reserve the right to submit additional requests to charge.

                                                Respectfully Submitted,

                                                P.A. LANDERS, INC. & PRESTON A.
                                                LANDERS, AKA "SKIP"

                                                By their attorneys,

                                                /s/ John Markey
                                                John K. Markey, BBO #320700
                                                Eóin P. Beirne, BBO #660885
                                                Mintz, Levin, Cohn, Ferris,
                                                   Glovsky and Popeo, P.C.
                                                One Financial Center
                                                Boston, MA 02111
                                                (617) 542-6000

2

          GREGORY A. KEELAN

          By his attorney,

          /s/ George McMahon
          George C. McMahon, BBO #338240
          308 Victory Road
          Quincy, MA 02171
          (617) 770-0600

Dated: April 30, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 30, 2007.

Dated: April 30, 2007                                             /s/ John Markey

**TABLE OF CONTENTS**

**PAGE**

| | | |
|---|---|---:|
| No. 22 | Prosecution And Defense Are Equal In Court | 1 |
| No. 23 | Indictment Not Evidence | 2 |
| No. 24 | Proof Beyond a Reasonable Doubt | 3 |
| No. 25 | Explanation of the Term "Count" | 4 |
| No. 26 | Rulings by the Court | 5 |
| No. 27 | Consider Each Count Separately | 7 |
| No. 28 | Inference From Failure to Call Witness or Produce Evidence | 8 |
| No. 29 | Presumption of Innocence | 9 |
| No. 30 | Defendant's Right Not to Testify | 10 |
| No. 31 | Conflicting Evidence | 11 |
| No. 32 | Evidence Permitting Alternative Conclusion | 12 |
| No. 33 | Immunity Agreements | 13 |
| No. 34 | Unindicted Co-Conspirator Witness | 14 |
| No. 35 | Credibility of Witnesses | 15 |
| No. 36 | Number of Witnesses and Quantity of Documents | 16 |
| No. 37 | Media Coverage | 17 |

**PROPOSED JURY INSTRUCTION NO. 22**
**(Prosecution And Defense Are Equal In Court)**

The fact that this indictment is brought in the name of the United States of America does not entitle the prosecution to any greater consideration than an other party to the lawsuit would get, but, by the same token, it is entitled to no less consideration. The issues in this case must be decided on the evidence and on the law.  Both parties, prosecution and defense, stand alike as equals before the bar of justice.

1 Sand, supra, ¶2.01, Instr. 2-5.

## PROPOSED JURY INSTRUCTION NO. 23
### (Indictment Not Evidence)

This case must be decided within the framework of the charges made against the defendant as contained in the indictment. The indictment is not evidence of any kind. It is only an accusation. The grand jury did not pass upon the guilt or innocence of the defendant. Indeed, it heard only the evidence presented by the prosecution, and did not hear from the defendant or his attorneys.

The indictment does not create any adverse presumption nor does it permit any inference or suspicion of guilt. The indictment does not detract in any degree from the presumption of innocence with which the law surrounds the defendant. You will not give any weight whatever to the fact that an indictment has been filed against the defendant.

Adapted from 1 Sand, supra, ¶3.01, Instr. 3-1; <u>United States v. Gardia</u>, 562 F.2d 411, 416 (7th Cir. 1977).

**PROPOSED JURY INSTRUCTION NO. 24**
**(Proof Beyond a Reasonable Doubt)**

Proof beyond a reasonable doubt must be proof of such a convincing character that a reasonable person would not hesitate to act upon it.  A reasonable doubt is one which would case a reasonable person to hesitate to act.

United States v. Andujar, 49 F.3d 16, 23-4 (1st Cir. 1995).

**PROPOSED JURY INSTRUCTION NO. 25**
**(Explanation of the Term "Count")**

The indictment uses the word "count." Counsel have used that word in their statements. I will use it in my instruction to you today. It is a technical lawyers' word. The word "count" in a criminal indictment means charge or accusation. A count in an indictment is in effect an accusation that the defendant has violated the law in a particular way.

The defendants have entered a plea of not guilty and, by reason thereof, have denied the charges contained in each count of the indictment. You are to return a verdict only on the charges contained in the indictment.

Adapted from 1 Sand, supra, ¶3.01, Instrs. 3-1, 3-3.

**PROPOSED JURY INSTRUCTION NO. 26**
**(Rulings by the Court)**

Nothing that I have said here or during the trial, no question which I have asked, no ruling that I have made, no statement in this charge, is intended in any way as a suggestion of what determination of this case I believe you should make.

Remember that in your determination of the facts, you rely upon your own recollection of the evidence. What I have said from time to time or what I say in this charge is not to be taken in place of your own recollection of the facts or the evidence in this case.

At times throughout the trial, I have been called upon to make rulings on various questions of law. I have sustained objections and I have overruled objections. Please do not concern yourself at all with my reasons for doing so. These are purely legal matters and should not affect your deliberation on the factual matters in this case. Similarly, you are not to concern yourselves with conferences which took place at the side bar, nor are you to draw any inferences for or against any party because of a request for such a conference. It is the duty of the attorneys on each side of the case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not hold it against an attorney or his client either because the attorney has made objections or because objections have been overruled.

When the Court has sustained an objection to a piece of evidence or a question addressed to a witness, the jury must disregard it entirely and may draw no inference from it or speculate as to what the witness would have said if he had been permitted to answer the question. Similarly, if after a question was asked and an answer given, the

5

answer was ordered stricken from the record, you must disregard the answer as well as the question.

You are further instructed that with respect to every situation where testimony has been stricken, the reason therefor is a matter of law which is no concern of yours and not for your consideration.  Once stricken, such testimony must be disregarded and ignored.  The reason for such striking, which is the legal basis for the Court's ruling, should not be discussed among you, nor should you speculate or guess with respect to the basis for such ruling.

Nor are you to draw any conclusions from the fact that the Court asked questions of witnesses, from time to time.  This was solely to elicit facts which may or may not be material to your determination.

Where the Court allowed testimony or exhibits to be received into evidence over objection of counsel, the Court does not indicate thereby any opinion as to the weight or effect of such evidence.  That is for you to decide.

Adapted from 1 Sand, supra, ¶2.01, Instrs. 2-3, 2-8.

**PROPOSED JURY INSTRUCTION NO. 27**
**(Consider Each Count Separately)**

It is your duty to give separate, individual consideration to the counts against the defendant.  When you do so, you should analyze what the credible evidence in the case shows with respect to the defendant, omitting from your consideration entirely any evidence related solely to the other co-conspirators.  Each defendant is entitled to have his case determined from evidence as to his own acts and statements and conduct, and any other evidence in the case that may be applicable to him.  I also remind you that you must consider separately each crime against each defendant.

Adapted from 1 Sand, supra, ¶3.01, Instrs. 3-5, 3-7; 1 Devitt & Blackman, supra, §11.09; Federal Judicial Center, Pattern Criminal Jury Instructions, FJC-34-35 at ¶46 (1991).

**PROPOSED JURY INSTRUCTION NO. 28**
**(Inference From Failure to Call Witness or Produce Evidence)**

The jury will always bear in mind that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. Thus, if its is peculiarly within the power of the prosecution to produce a witness who could give material testimony on an issue in the case, the failure of the prosecution to call that witness may give rise to an inference that his testimony would be unfavorable and adverse to the prosecution's case. However, no such conclusion should be drawn by you with regard to a witness who is equally available to both parties.

In considering the failure of the Government to call witnesses, you may consider the fact that the prosecution has the power to grant immunity to witnesses and thereby compel their testimony. A defendant does not have that power.

Adapted from 1 Devitt & Blackmar, supra, §§ 17.18, 17.195, Felice v. Long Island Railroad Co., 426 F.2d 192, 194 (2d Cir.), cert. denied, 400 U.S. 820 (1970); United States v. Evanchik, 413 F.2d 950, 954 (2d Cir. 1969); United States v. Dibrizzi, 393 F.2d 642, 646 (2d Cir. 1968).

## PROPOSED JURY INSTRUCTION NO. 29
### (Presumption of Innocence)

You should keep in mind that the weight of the evidence is not to be determined by the number of witnesses testifying on either side.  You should consider all of the facts and circumstances in evidence to determine which of the witnesses are worthy of being believed.  You should always remember, moreover, that a defendant in a criminal case is under no duty to present any testimony or evidence, and may rely upon the insufficiency of the government's evidence to prove the case beyond a reasonable doubt.  The presumption of the innocence of defendants is legal proof of innocence and is sufficient alone to acquit the defendant.

**PROPOSED JURY INSTRUCTION NO. 30**
**(Defendant's Right Not to Testify, If Applicable)**

As I told you at the onset of this trial, a defendant bears no obligation to explain anything, nor to introduce any evidence. There is no burden on a defendant to establish his innocence. A defendant is presumed to be innocent.

The defendant did not testify in this case. That is his absolute right, and in no respect may his election not to testify be considered by you as any evidence against him or as a basis for any negative presumption or inference. You must not permit such fact to weigh against the defendant, nor should it enter in any way whatsoever in you deliberations or discussions. Nor should you speculate in any way as to the reason why the defendant chose not to testify. You simply must not consider it at all. This is one of the most important principles of our law and I charge it to you with all the strength at my command.

United States v. Witt, 82 Cr. 33 (S.D.N.Y.) (Haight, J.); Carter v. Kentucky, 450 U.S. 288 (1981); United States v. Fassoulis, 445 F.2d 13, 18 (2d Cir.), cert. denied, 404 U.S. 858 (1971); United States v. Kelly, 349 F.2d 720 (2d Cir. 1965), cert. denied, 384 U.S. 947 (1966).

**PROPOSED JURY INSTRUCTION NO. 31**
**(Conflicting Evidence)**

You have seen the witnesses and have heard them testify. It is your duty to reconcile all the testimony of all the witnesses, both on direct and on cross-examination, with all of the facts, if you are able to. If, after weighing the matter carefully, viewing it in this light of your best judgment as reasonable men and women, you find that you are unable to reconcile a conflict in the testimony, then it is for you to say who has been mistaken, who has told the truth, who has testified falsely, and whom you will believe. In other words, it is for you to determine which testimony is most worthy of belief, and you may disregard any testimony which cannot be reasonably and fairly reconciled therewith.

Conflicting testimony in and of itself may be sufficient to raise a reasonable doubt and, if you have such doubt as a result of a conflict in testimony, it is your duty to acquit the defendant.

United States v. Pearson, 746 F.2d 787, 794 (11th Cir. 1984); Hardware Mutual Ins. Co. v. Jacob Hieb, Inc., 146 F.2d 447, 451 (8th Cir. 1945); Dillon v. Evansville Refining Co., Inc., 127 F.2d 13, 17 (7th Cir. 1942). See Devitt & Blackmar, supra, §§ 17.01, 11.14, 11.15.

**PROPOSED JURY INSTRUCTION NO. 32**
**(Evidence Permitting Alternative Conclusion)**

A defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions--one that a defendant is guilty as charged, the other that the defendant is not guilty--you will find the defendant not guilty.

United States v. Cleveland, 106 F.3d 1056, 1062-63 (1st Cir. 1997)

## PROPOSED JURY INSTRUCTION NO. 33
### (Immunity Agreements)

Certain of the government's witnesses, including Mr. Gleason, Mr. Foley, Mr. Edwards, Mr. Fontaine, Mr. Fitzgerald and Mr. Kerrissey have received a promise by the government that they would not be prosecuted or punished for any crime their testimony may expose; that their testimony will not be used against them in return for their cooperation. The testimony of one who testifies against the defendant under a promise not to prosecute should be examined by you with greater care than the testimony of an ordinary witness. You should carefully consider whether the testimony of such a witness is biased so as to further that witness' own interest, for a witness who realizes that he may procure or maintain his freedom by incriminating another has a motive to falsify. Additionally, you should consider whether that witness' testimony has been affected by any prejudice or personal antagonism he may have. After due consideration of this, you may give the testimony of Mr. Gleason, Mr. Foley, Mr. Edwards, Mr. Fontaine, Mr. Fitzgerald and Mr. Kerrissey whatever weight, if any, you feel it deserves.

Johnson v. United States, 506 F.2d 640, 643 n.4 (8th Cir. 1974), cert. denied, 420 U.S. 978 (1975); United States v. DeLoach, 530 F.2d 990, 994 (D.C. Cir. 1975).

13

**PROPOSED JURY INSTRUCTION NO. 34**
**(Unindicted Co-Conspirator Witness (If Applicable))**

The prosecution has called as witnesses people who are themselves named as co-conspirators yet who were not charged as defendants. This includes Mr. Gleason, Mr. Foley, Mr. Edwards, Mr. Fontaine, Mr. Fitzgerald, and Mr. Kerrissey. You should exercise great caution in evaluating their testimony and scrutinize it with care. Consider whether these witnesses have an interest in the outcome of the case and whether they have a motive to testify falsely. It is for you, the jury, to decide what weight, if any, is to be given to the testimony of these unindicted witnesses.

United States v. Santana, 503 F.2d 710 (2d Cir.), cert. denied, 419 U.S. 1053 (1974); 1 Sand, supra, ¶ 7.01, Instr. 7-7.

**PROPOSED JURY INSTRUCTION NO. 35**
**(Credibility of Witnesses)**

You, the jury, are the sole judges of the credibility of the witnesses and of the weight which should be given to their testimony.

In judging the credibility of the witnesses and in determining the weight to be given to their testimony, you may consider: a witness's demeanor and manner while on the witness stand; the character of his or her testimony -- in other words, whether it is probable or improbable; the reasonableness of his or her testimony; any omissions and discrepancies in his or her own testimony or between his or her testimony and that of other witnesses; whether his or her testimony has been contradicted by the testimony of other witnesses or by the exhibits; whether his or her testimony is consistent with the testimony of other witnesses and with the exhibits; and whether his or her story fits in with the rest of the credible evidence in the case.

In your search for the truth, you must also use your everyday common sense and experience in determining whether a witness has testified frankly, candidly and honestly. In other words, you act precisely as you would in your own affairs when called upon to make an important decision concerning the truth of a statement made to you by another upon which you are asked to rely.

**PROPOSED JURY INSTRUCTION NO. 36**
**(Number of Witnesses and Quantity of Documents)**

Although a number of witnesses appeared on behalf of the prosecution during the course of this trial and although a number of documents were introduced into evidence by the prosecution, the mere number of witnesses or amount of documents has no relation to the burden of proof to which I have alluded and is not to have any effect upon your deliberations.  Your primary concern is the quality and nature of the evidence, not the quantity.  You must not permit the number of witnesses and documents supplied here to overwhelm your judgment.  It is your duty to determine what weight, if any, is to be given to the evidence in this case and the weight of the evidence is by no means determined by the number of witnesses or quantity of documents.

Northern Navigation Co. v. Minnesota  Atlantic Transit Co., 49 F.2d 203, 207 (8th Cir. 1931); Caron v. Franke, 121 F. Supp. 958, 959 (W.D.N.Y. 1954).

**PROPOSED JURY INSTRUCTION NO. 37**
**(Media Coverage)**

Prior to and during this trial, there has been news coverage and publicity in the papers about these matters.  Prior to the presentation of evidence in this case, I instructed you to lay aside and completely disregard anything and everything you had heard or read or seen outside this courtroom with regard to this case.  I further instructed you that during the course of this trial you were not to read or to listen to anything outside this Court with regard to this case.  Now before you retire to determine your verdict, I repeat my prior instructions.  You must lay aside and completely disregard any publicity which might have come to your attention prior to or during this trial.  Your verdict must be based solely on the evidence presented in Court and the instructions I am about to give you.

17